# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KELLERMAN ZHENG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-CV-12704-AK |
| v. | ) | |
| | ) | |
| TRINITY MANAGEMENT, AND TURK & MILONE ATTORNEYS AT LAW, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

**KELLEY, D.J.**

Before the Court is Plaintiff's Motion for Sanctions [Dkt. 54] for three allegedly false and misleading statements by defense counsel in their opposition to Plaintiff's Amended Motion to File in Forma Pauperis. For the reasons below, Plaintiff's Motion for Sanctions [Dkt. 54] is **DENIED**.

Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure Rule 11. Rule 11(c)(1) states, in part, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." In turn, Rule 11(b) provides, in summary, that by presenting papers to a court, an attorney certifies that, to the best of their knowledge, (1) those papers are not presented for an improper purpose, (2) the legal propositions are warranted by law or not frivolous, (3) the factual contentions have or will likely have evidentiary support, and (4) denials of factual information are warranted by evidence

or are reasonably based on belief or a lack of information. Rule 11(b) "is not a strict liability provision"; "[a] lawyer who makes an inaccurate factual representation must, at the very least, be culpably careless to commit a violation." Young v. City of Providence, 404 F.3d. 33, 39 (1st Cir. 2005).

Here, Plaintiff has not presented any evidence that he provided defense counsel with notice and a reasonable opportunity to respond to the allegations prior to filing his motion with the Court. However, defense counsel has not opposed the motion on these grounds and the notice provision can be applied flexibly. Ark. Tchr. Ret. Sys. v. State St. Corp., 25 F.4th 55, 64 (1st Cir. 2022) (citing cases). Therefore, the Court will assess Plaintiff's specific contentions.

The statements made by defense counsel in their filings adhere to Rule 11(b). First, defense counsel's statement that Plaintiff "continues to make representations on behalf of his mother" is accurate. [Dkt. 52 at 1]. Plaintiff's request to file in forma pauperis was for an appeal of this Court's denial of his motion to dismiss. [Dkt. 51]. This Court denied the motion to dismiss in part because "a pro se party cannot represent people other than him or herself." [Dkt. 37]. By appealing on both his and his mother's behalf, Plaintiff is representing both himself and his mother. Therefore, defense counsel's statement is accurate and does not violate Rule 11(b).

Second, defense counsel's statements that Plaintiff "has not paid any rent since he made a single payment of $559.00 on December 12, 2024" and that Plaintiff "misrepresent[ed]" his monthly rental expenses do not violate Rule 11(b). [Dkt. 52 at 1]. As evidence, Plaintiff submits an affidavit stating that he "will resume payment of rent for the month of April 2025" and has "withheld ten (10) months of rent payments." [Dkt. 54, Ex. A]. Plaintiff also included a check for April 2025 rent. [Id.]. Plaintiff admits that he was not paying rent prior to April 2025. Further, defense counsel explained that the April 2025 payment was not accepted because it was

issued after the initiation of an eviction proceeding. [Dkt. 55 at 2]. Given this evidence, the Court finds that defense counsel's statements did not violate Rule 11(b).

Third, Plaintiff takes issue with defense counsel's inclusion of information regarding his housing court proceeding. Plaintiff does not challenge the accuracy of the information. Therefore, the Court interprets Plaintiff as alleging that inclusion this information is in violation of Rule 11(b)(1) – submission for an improper purpose. Under Rule 11(b)(1) improper purposes include "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." In context, the inclusion of information regarding Plaintiff's housing court proceeding does not aim at an improper purpose. It adds context and detail to defense counsel's assertion that Plaintiff misrepresented his rental expenses. As such, it is also not a violation of Rule 11(b).

For the foregoing reasons, Plaintiff's Motion for Sanctions [Dkt. 54] is **DENIED**.

**SO ORDERED.**

Dated: December 23, 2025                                /s/ Angel Kelley
                                                                                                  Hon. Angel Kelley
                                                                                                  United States District Judge